By the Court.
Whether or not the trial judge was justified in refusing to sign and allow the bill of exceptions depends upon the construction to be given the act of March 22, 1892, (89 Ohio Laws, 125), amending sections 5298, 5301 and 5302, of the Revised Statutes, and especially the second proviso of the last section.
That section provides that: “If the exception be not true, then, after it is corrected, the trial judge, or a majority of the judges composing the trial court must allow and sign it before the case proceeds; or if the party excepting consents within fifty days after the overruling of the motion for a new trial, or the decision of the court when a motion for a new trial is not necessary. * * * Provided, that whefe exceptions are not allowed and signed during the progress of the trial, the party excepting shall submit the bill of ex- *119 eeptions to the opposite counsel for examination not less than ten days before the expiration of said fifty days; and unless the trial judg’e or judges shall be absent from the district or circuit as provided in section 5301, the same shall be submitted to him or them for his or their signature, not less than five days before the expiration of said fifty days. Provided further, that the trial judge or judges may at his or their discretion extend the time for signing such bill of exceptions for a period not exceeding ten days beyond the expiration of said fifty days; which extension must be indorsed on the bill of exceptions by said trial judge or judges.”
It was the opinion of the circuit court that where, under the second proviso above quoted^ the trial judge grants an extension of time for signing the bill of exceptions, such extension is for every purpose that may be necessary to perfect the bill, including the purpose of submitting it to the opposite counsel as directed by the first proviso.
It seems to us that this conclusion defeats the purpose intended to be subserved by the incorporation into section 5302 of the two provisos.
The practice which prevailed under the statute before amendment, when the bill was required to be signed and allowed within thirty days from term, was attended with abuses. The right of opposite counsel to have a voice in settling the bill of exceptions, and the duty to present it to the judge so long' before the expiration of the thirty days as to admit of examination by him within the time, was recognized and acted upon. No one supposed that the exceptor could neglect presenting his bill until the last moment of the thirtieth day, and then demand that it be signed and allowed.' But *120 the practice was attended with uncertainties. Often the time afforded the judg-e depended much upon the convenience of the exceptor’s counsel, and the opportunity for examination by opposing counsel much upon his courtesy. And, very often, both judge and counsel were put to serious inconvenience in the effort to preserve to the defeated party the opportunity to have his case reviewed in a higher court.
The adoption of the amendment of section 5302, incorporating the provisos, was intended to remedy this mischief; to remove the enforcement of the right of the successful party to examine the bill, and be heard before its approval, from the region of courtesy and discretion, and place it on the solid ground of positive mandatory rule, and at the same time relieve the judge of the embarrassments attending the former practice. This purpose is deducible from the plain import of the words used construed in the light of the evils referred to. The rule thus established is a plain one. It treats all alike, is easily understood by all, and, under ordinary conditions, will enforce itself. It tends to secure substantial justice in the correction of abuses of the former practice; and we do not feel that the salutary result thus apparently secured should be defeated or frittered away upon a point of doubtful construction.
It is objected that the construction indicated deprives the exceptor of a right directly given by section 5298, to-wit: fifty days in which to reduce his exception to writing. A sufficient answer to this objection is, we think, that, independent of the proviso, the exceptor could not take the full fifty days for writing out his bill. Whatever portion of that time might be necessary *121 for examination by opposite counsel and by the judge, would, of necessity, come out of the fifty; while, if the conclusion that the second proviso gives the trial judge power to extend the time for every purpose is adopted, it presents a flat contradiction to the words fixing the limit in the same section that time may be given “not more than fifty days.”
This conclusion, we are aware, is not wholly consistent with the limit of fifty days for allowance and signing in the same section; but, as we understand, the purpose of a proviso is to incorporate an exception upon a general rule, making what precedes conditional upon what follows. Indeed, the question in controversy is hot as to the general effect of the proviso, but as to the particular scope and effect of it. Nor is there, as we think, weight in the suggestion that the construction here indicated implies that the judge might defeat the object of the statute by extending the time for the purpose of signing the bill only, and then refuse to allow the bill because the fifty days had expired. The practice upon the subject is quite too well established to admit of embarrassment upon that point. The signing implies that the bill is to be allowed, and upon a request, a journal entry directed for that purpose.
We are not. concerned to inquire whether the statute, as it now stands, means that the allowance of the fifty days must be made by the court, or whether, where the exceptor waives the right to have the bill signed before the case proceeds, the statute itself operates to give the fifty days, for the point is not insisted upon. Nor are we called upon to consider the effect of a reasonable, though fruitless, effort to duly submit the bill to opposite *122 counsel, nor the effect of consent or waiver by such counsel of any right, by way of extension of time, for no claim of that kind is made.
Nor is it necessary to a decision of the ease before us to determine whether the trial judge may waive the requirement that the bill be presented to him not less than five days before the expiration of the fifty, where the bill -had been submitted to him within the fifty days, and had been theretofore submitted to opposite counsel within the proper time.
For the reasons stated, we are of opinion that the trial judge, as against the objection of the successful party, had not the power to sign the bill when presented, and that his refusal was proper.

The judgment of the Qwcuit Court will be reversed, and the petition ordered dismissed.